1  JEFFREY T. THOMAS, SBN 106409
    JTthomas@gibsondunn.com
2  T. KEVIN ROOSEVELT, SBN 205485
    KRoosevelt@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
4  Irvine, California 92612-4412
5  Telephone: (949) 451-3800
   Facsimile: (949) 451-4220
6

7  Attorneys for Plaintiff
   ALLERGAN, INC.
8

FILED 2007 NOV -7 PM 4:26

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAYMAN CHEMICAL COMPANY, a Colorado corporation; JAN MARINI SKIN RESEARCH INC., a California corporation; ATHENA COSMETICS CORPORATION, a Nevada corporation; DERMAQUEST, INC., a Pennsylvania corporation; INTUIT BEAUTY, INC., a Nevada corporation; CIVIC CENTER PHARMACY, an Arizona corporation; and PHOTOMEDEX, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. SACV07-1316 JVS(RNBx)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Allergan, Inc. ("Allergan"), for its Complaint against defendants, Cayman Chemical Company ("Cayman"); Jan Marini Skin Research Inc. ("Jan Marini"); Athena Cosmetics Corporation ("Athena"); DermaQuest, Inc.

("DermaQuest"); Intuit Beauty Inc. ("Intuit"); Civic Center Pharmacy ("Pharmacy"); and PhotoMedex, Inc. ("PhotoMedex") (collectively "Defendants"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this is a civil action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

2. Venue is proper in this district and division under 28 U.S.C. §§ 1391 and 1400.

3. This Court has personal jurisdiction over Defendants by virtue of Defendants' offers for sale, sales and distribution of products, including the products which are the subject of this Complaint, throughout the State of California, in this District and in this Division. Defendants have also placed, and are continuing to place, products into the stream of commerce within the United States, within California, in this District and in this Division, and it is reasonable to expect that such products will continue to enter and be used by consumers in California, including in this District and in this Division. In addition, this Court has personal jurisdiction over Jan Marini by virtue of its incorporation in California.

## THE PARTIES

4. Allergan is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2525 Dupont Drive, Irvine, California.

5. Cayman is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 1180 East Ellsworth Road, Ann Arbor, Michigan.
Gibson, Dunn & Crutcher LLP

6. Jan Marini is a corporation organized and existing under the laws of the State of California, with its principal place of business at 6951 Via del Oro, San Jose, California.

7. Athena is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 701 North Green Valley Parkway, Henderson, Nevada.

8. DermaQuest is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at 5200 Hill Top Drive, Brookhaven, Pennsylvania.

9. Intuit is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 1802 North Carson Street, Carson City, Nevada.

10. Pharmacy is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 7331 East Osborn Drive, Scottsdale, Arizona.

11. PhotoMedex is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 147 Keystone Drive, Montgomeryville, Pennsylvania.

**GENERAL ALLEGATIONS**

12. Allergan manufactures and sells LUMIGAN® ophthalmic solution ("Lumigan"), a medication approved by the Food and Drug Administration ("FDA") to lower intraocular eye pressure in people with open-angle glaucoma or ocular hypertension. Lumigan eye drops contain the active ingredient bimatoprost, which is related to a category of compounds known as prostaglandins ("PGs").

13. There are several different types of PGs, which are named by letters. For example, there are PGAs, PGEs, PGFs, PGIs, etc.

14. There are two other medications on the market containing PGFs that have been approved by the FDA to lower intraocular eye pressure in people with open-

angle glaucoma or ocular hypertension: Xalatan and Travatan. Neither of these medications uses bimatoprost as its active ingredient, but both are PGF-based. These products have been approved by the FDA only for the treatment of glaucoma, and both require a physician's prescription before they may be sold.

15. PGFs have only been approved by the FDA for use as a prescription medicine to lower intraocular eye pressure in people with open-angle glaucoma or ocular hypertension.

16. In or around 1996, Murray A. Johnstone, M.D. ("Johnstone"), a glaucoma specialist, observed that patients receiving PGF-based solutions demonstrated an increase in eyelash growth. Based on this discovery, Johnstone filed a patent application claiming the use of PGs to grow hair, and specifically eyelashes. Specifically, Application No. 09/366,656 was filed in the United States Patent and Trademark Office on August 3, 1999, following the filing of Provisional Application No. 60/037,237 on February 4, 1997.

17. On July 17, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,262,105 (the "'105 patent"), entitled "Method of Enhancing Hair Growth" to Johnstone. A true and correct copy of the '105 patent is attached hereto as Exhibit A. At that time, Johnstone became the sole and exclusive owner of the '105 patent.

18. On June 29, 2006, Allergan entered into a Patent License Agreement with Johnstone, which grants to Allergan the whole '105 patent, including the exclusive right to make, use, and vend the patented invention throughout the world. The Patent License Agreement also grants to Allergan the first right to prosecute alleged infringers of the '105 patent. Allergan is thus the current assignee of the '105 patent. A true and correct copy of the Patent License Agreement is attached hereto as Exhibit B.

19. Despite the fact that the FDA has only approved PGFs for use as a prescription medicine to lower intraocular eye pressure in people with open-angle

glaucoma or ocular hypertension, Defendants Jan Marini, Athena, DermaQuest, Intuit, Pharmacy and PhotoMedex have been marketing and selling eyelash growth products with PGF as the active ingredient. For example, Intuit is selling a product named MassiveLash; DermaQuest is selling a product named DermaLash; Pharmacy is selling a product named Luxette; Athena is selling a product named Revitalash; Jan Marini is selling a product named Age Intervention; and PhotoMedex is selling a product called MD Lash Factor. These products are promoted for use in growing eyelashes and contain PGFs. Cayman manufactures PGs, including PGFs, and is promoting the use of PGs for use in eyelash growth products. In violation of federal laws regulating the manufacture and sale of prescription medicines, Defendants are manufacturing and selling these products without FDA approval and without requiring a prescription.

20.  Defendants, by marketing and selling eyelash growth products with a PGF as the active ingredient (and in the case of Cayman, by supplying others with PGFs for use in eyelash growth products and promoting the use of PGFs in such products), infringe the '105 patent. They are also responsible for marketing and selling products without prescriptions that have not been approved by the FDA for eyelash growth or for over-the-counter sales.

## COUNT I

### (Patent Infringement – United States Patent No. 6,262,105)

21.  In violation of 35 U.S.C. § 271(a), Defendants have made, used, offered for sale and/or sold in the United States products that infringe one or more claims of the '105 patent.

22.  Defendants also have actively induced the infringement of, and/or contributed to the infringement of, one or more claims of the '105 patent in violation of 35 U.S.C. §§ 271(b) & (c).

23.  The infringement of the '105 patent by Defendants has been willful and wanton.

24.     Allergan has suffered and will continue to suffer serious irreparable injury unless Defendants' infringement of the '105 patent is enjoined.

**PRAYER FOR RELIEF**

WHEREFORE, Allergan respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A.     A judgment that Defendants have infringed the '105 patent in violation of 35 U.S.C. §§ 271 (a), (b) and (c);

B.     A judgment that Defendants' infringement of the '105 patent has been willful and wanton;

C.     A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendants, and all persons in active concert or participation with Defendants, from any further acts of infringement, inducement of infringement, or contributory infringement of the '105 patent;

D.     An order, pursuant to 35 U.S.C. § 284, awarding Allergan damages adequate to compensate Allergan for Defendants' infringement of the '105 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E.     An order, pursuant to 35 U.S.C. § 284, and based on Defendants' willful and wanton infringement of the '105 patent, trebling all damages awarded to Allergan;

F.     An order, pursuant to 35 U.S.C. § 284, awarding to Allergan interest on the damages and its costs incurred in this action;

G.     An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Allergan its reasonable attorneys' fees incurred in this action; and

Gibson, Dunn &
Crutcher LLP

H. Such other and further relief as this Court may deem just and proper.

Dated: November 7, 2007

JEFFREY T. THOMAS
T. KEVIN ROOSEVELT
GIBSON, DUNN & CRUTCHER LLP

By: *[signature]*
Jeffrey T. Thomas

Attorneys for Plaintiff
ALLERGAN, INC.

## DEMAND FOR JURY TRIAL

Allergan demands trial by jury on all issues and causes of action properly tried to a jury, pursuant to Federal Rule of Civil Procedure 38.

Dated: November 7, 2007

JEFFREY T. THOMAS
T. KEVIN ROOSEVELT
GIBSON, DUNN & CRUTCHER LLP

By: *[signature]*
Jeffrey T. Thomas

Attorneys for Plaintiff
ALLERGAN, INC.

100300282_1.DOC