JEFFREY T. THOMAS, SBN 106409
 JTthomas@gibsondunn.com
T. KEVIN ROOSEVELT, SBN 205485
 KRoosevelt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Plaintiff
ALLERGAN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAYMAN CHEMICAL COMPANY, a Colorado corporation; JAN MARINI SKIN RESEARCH INC., a California corporation; ATHENA COSMETICS CORPORATION, a Nevada corporation; DERMAQUEST, INC., a Pennsylvania corporation; INTUIT BEAUTY, INC., a Nevada corporation; CIVIC CENTER PHARMACY, an Arizona corporation; and PHOTOMEDEX, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. SACV07-1316 JVS (RNBx)<br><br>**NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT DERMAQUEST, INC. WITHOUT PREJUDICE** |

Gibson, Dunn & Crutcher LLP

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. Pro. 41(a), plaintiff voluntarily dismisses defendant DermaQuest, Inc. from the above-captioned action without prejudice.

Dated: December 6, 2007

JEFFREY T. THOMAS
T. KEVIN ROOSEVELT
GIBSON, DUNN & CRUTCHER LLP

By: _____
Jeffrey T. Thomas

Attorneys for Plaintiff ALLERGAN, INC.

100350161_1.DOC

Gibson, Dunn &
Crutcher LLP

# CERTIFICATE OF SERVICE

I, Marjorie A. Peck, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State. On December 10, 2007, I served the following document(s):

**NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT DERMAQUEST, INC. WITHOUT PREJUDICE**

on the parties stated below, by the following means of service:

Sam Dhatt
DermaQuest, Inc.
1600 Delta Court
Hayward, CA 94544

[X] **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**: I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

[ ] **BY FAX**: From fax number (949) 451-4220, I caused each such document to be transmitted by fax machine, to the parties and numbers indicated above, under California Rules of Court, Rule 2.306. The fax machine that I used complied with Rule 2.301 and no error was reported by the machine.

[ ] **BY UPS NEXT DAY AIR**: On the above-mentioned date, I placed a true copy of the above-mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

I am employed in the office of T. Kevin Roosevelt, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

[X] **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2007.

*Marjorie Peck*
Marjorie A. Peck

Gibson, Dunn & Crutcher LLP

2