GRAVES LAW OFFICE P.C.
Philip J. Graves (SBN 153441)
pgraves@graveslawpc.com
Justin D. Sobodash (SBN 217450)
jsobodash@graveslawpc.com
Marjorie A. Witter (SBN 250061)
mwitter@graveslawpc.com
Fredricka Ung (SBN 253794)
fung@graveslawpc.com
12121 Wilshire Blvd., Suite 775
Los Angeles, California 90025
Telephone:  (310) 295-6500
Facsimile:   (310) 295-6501

Attorneys for Defendant
ATHENA COSMETICS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGAN, INC., a Delaware corporation, and MURRAY A. JOHNSTONE, M.D., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAYMAN CHEMICAL COMPANY, a Colorado corporation; JAN MARINI SKIN RESEARCH INC., a California corporation; ATHENA COSMETICS, Inc., a Nevada Corporation; ATHENA BIOSCIENCE, LLC, a limited liability company; INTUIT BEAUTY, INC., a Nevada corporation; PHOTOMEDEX, INC., a Delaware corporation; PROCYTE CORPORATION, a Washington Corporation, COSMETIC ALCHEMY, LLC, a limited liability company; and GLOBAL MDRx, a Nevada Corporation,<br><br>Defendants. | CASE NO. SACV07-1316 JVS (RNBx)<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS ALLERGAN, INC. AND MURRAY A. JOHNSTONE'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

| | |
|---|---|
| 1 | ATHENA COSMETICS, INC., a Nevada corporation, |
| 2 | |
| 3 | Counterclaimant, |
| 4 | v. |
| 5 | ALLERGAN, INC., a Delaware corporation, and MURRAY A. JOHNSTONE, an individual, |
| 6 | |
| 7 | Counterclaim Defendants. |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant Athena Cosmetics, Inc. ("Defendant" or "Athena"), by counsel, hereby answers the Third Amended Complaint filed by Allergan, Inc. ("Allergan") and Murray A. Johnstone (collectively "Plaintiffs"), and states as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Plaintiffs' Third Amended Complaint.

2. This paragraph states a legal conclusion as to which no response is required, and on that basis Defendant denies the allegations contained in paragraph 2 of Plaintiffs' Third Amended Complaint.

3. Defendant admits that it has marketed, promoted, offered to sell or sold a product called RevitaLash. Defendant admits that it has sold RevitaLash in California. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph 3 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 3 of Plaintiffs' Third Amended Complaint.

4. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 4 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 4 of Plaintiffs' Third Amended Complaint.

5. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 5 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Third Amended Complaint.

6. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 6 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 6 of Plaintiffs' Third Amended Complaint.

7. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 7 of Plaintiffs' Third

Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 7 of Plaintiffs' Third Amended Complaint.

8. Defendant admits that it is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 701 North Green Valley Parkway, Henderson, Nevada, and that it is the successor in interest to Athena Cosmetics Corporation.

9. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 9 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 9 of Plaintiffs' Third Amended Complaint.

10. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 10 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Third Amended Complaint.

11. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 11 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Third Amended Complaint.

12. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 12 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Third Amended Complaint.

13. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 13 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Third Amended Complaint.

14. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 14 of Plaintiffs' Third

Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Third Amended Complaint.

15.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 15 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Third Amended Complaint. On information and belief, Allergan asserted in proceedings before the U.S. Patent and Trademark Office that bimatoprost is a prostamide, and that prostamides are biologically distinct from prostaglandins.

16.  Defendant admits that prostaglandins exist. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 16 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 16 of Plaintiffs' Third Amended Complaint.

17.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 17 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 17 of Plaintiffs' Third Amended Complaint.

18.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 18 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Third Amended Complaint.

19.  Defendant admits that United States Patent No. 6,262,105 ("the '105 Patent") indicates that Application No. 09/366,656 was filed on August 3, 1999. Defendant admits that the '105 Patent indicates that Provisional application No. 60/037,237 was filed on February 4, 1997. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 19 of Plaintiffs' Third Amended Complaint, and on that basis

Defendant denies all remaining allegations contained in paragraph 19 of Plaintiffs' Third Amended Complaint.

20. Defendant admits that what purports to be a true and correct copy of the '105 Patent was attached as Exhibit A to Plaintiffs' Third Amended Complaint. Defendant admits that the '105 Patent is entitled "Method of Enhancing Hair Growth." Defendant admits that the '105 Patent lists July 17, 2001 as the Date of Patent. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 20 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 20 of Plaintiffs' Third Amended Complaint.

21. Defendant admits that what purports to be a copy of the Patent License Agreement between Allergan and Dr. Johnstone is attached as Exhibit B to Plaintiffs' Third Amended Complaint. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood as to whether Allergan entered into a Patent License Agreement with Dr. Johnstone on June 29, 2006. Defendant denies that the Patent License Agreement attached as Exhibit B grants to Allergan the exclusive right to make, use, and vend the patented invention throughout the world. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 21 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 21 of Plaintiffs' Third Amended Complaint.

22. Defendant admits that United States Patent No. 7,351,404 ("the '404 Patent") indicates that Application No. 10/345,788 was filed on January 15, 2003. Defendant admits that the '404 Patent indicates that Provisional application No. 60/354,425 was filed on February 4, 2002. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 22 of Plaintiffs' Third Amended Complaint, and on that basis

Defendant denies all remaining allegations contained in paragraph 22 of Plaintiffs' Third Amended Complaint.

23. Defendant admits that what purports to be a true and correct copy of the '404 Patent was attached as Exhibit C to Plaintiffs' Third Amended Complaint. Defendant admits that the '404 Patent lists April 1, 2008 as the Date of Patent. Defendant admits that the '404 Patent lists Allergan, Inc. as an Assignee. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 23 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 23 of Plaintiffs' Third Amended Complaint.

24. Defendant admits that it markets, promotes, and sells a product named RevitaLash. Defendant denies that it markets or sells RevitaLash for any intended use as a drug, including eyelash growth. Defendant markets, promotes and sells RevitaLash as a cosmetic eyelash conditioner product. Defendant denies all remaining allegations of paragraph 24 as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 24 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 24 of Plaintiffs' Third Amended Complaint.

25. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all allegations in paragraph 25 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all allegations contained in paragraph 25 of Plaintiffs' Third Amended Complaint.

26. Defendant denies that it markets or sells RevitaLash for any intended use as a drug, including eyelash growth. Defendant markets, promotes and sells RevitaLash as a cosmetic eyelash conditioner product. Cosmetic products do not require FDA approval or a prescription. Defendant denies that it markets or sells RevitaLash in violation of federal law. Defendant is without knowledge sufficient to

form a belief as to the truth or falsehood of all remaining allegations in paragraph 26 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 26 of Plaintiffs' Third Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 27 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 27 of Plaintiffs' Third Amended Complaint.

28. Defendant denies that it markets, promotes, or sells RevitaLash for any intended use as a drug, including eyelash growth. Defendant markets, promotes and sells RevitaLash as a cosmetic eyelash conditioner product. Defendant denies that it provides instructions for use of RevitaLash in a manner that infringes the '105 and '404 patents. Defendant denies that it intends that RevitaLash be used by consumers in a manner that infringes the '105 patent and/or the '404 patent. Defendant denies the remaining allegations contained in paragraph 28 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 28 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 28 of Plaintiffs' Third Amended Complaint.

29. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 29 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 29 of Plaintiffs' Third Amended Complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant denies that it sells RevitaLash for

any intended use as a drug, including eyelash growth. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 30 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 30 of Plaintiffs' Third Amended Complaint.

31. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all allegations in paragraph 31 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all allegations contained in paragraph 31 of Plaintiffs' Third Amended Complaint.

32. Defendant denies the allegations in paragraph 32 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant denies that it sells RevitaLash for any intended use as a drug, including eyelash growth. Defendant sells RevitaLash as a cosmetic eyelash conditioner product. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 32 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 32 of Plaintiffs' Third Amended Complaint.

### FIRST CLAIM FOR RELIEF

33. Defendant repeats and incorporates by reference the responses to paragraphs 1 through 32 above, as if fully set forth herein.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 34 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 33 of Plaintiffs' Third Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without

knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 35 of Plaintiffs' Third Amended Complaint, and on that basis, Defendant denies all remaining allegations contained in paragraph 35 of Plaintiffs' Third Amended Complaint.

36. Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 36 of Plaintiffs' Third Amended Complaint, and on that basis, Defendant denies all remaining allegations contained in paragraph 36 of Plaintiffs' Third Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 37 of Plaintiffs' Third Amended Complaint, and on that basis, Defendant denies all remaining allegations contained in paragraph 37 of Plaintiffs' Third Amended Complaint.

## SECOND CLAIM FOR RELIEF

38. Defendant repeats and incorporates by reference the responses to paragraphs 1 through 32 above, as if fully set forth herein.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 39 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 39 of Plaintiffs' Third Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining

allegations in paragraph 40 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 40 of Plaintiffs' Third Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Third Amended Complaint as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 41 of Plaintiffs' Third Amended Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 41 of Plaintiffs' Third Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Third Amended Complaint, Defendant asserts the following defenses.

### FIRST AFFIRMATIVE DEFENSE

42. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

43. Defendant has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '105 or the '404 Patents.

### THIRD AFFIRMATIVE DEFENSE

44. The claims of '105 Patent and the '404 Patents are invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE

45. The claims of the '105 and the '404 Patents are unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims for relief with respect to the '105 and '404 Patents are barred in whole or in part by the equitable doctrine of unclean hands. Plaintiffs' suit

is sham litigation brought in bad faith and founded on an objectively baseless allegation of infringement, with the intent to interfere with defendants' relationships with their customers and to gain a monopoly in the high end eyelash enhancement products market. In addition, on information and belief, Allergan has made unsubstantiated, false or misleading statements to regulatory authorities concerning, for example, the safety of high end eyelash enhancement products, including but not limited to RevitaLash, with the intent to interfere with Athena's relationships with its customers and to gain a monopoly in the high end eyelash enhancement products market. As a result of these acts, there is a substantial danger that Allergan will gain an unlawful monopoly. Because Allergan is abusing its patent rights and attempting to gain an unlawful monopoly, its claim for infringement of the '105 and '404 Patents are barred in whole or in part by the equitable defense of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims for relief with respect to the '105 and '404 Patents are barred in whole or in part by the doctrine of patent misuse. Plaintiffs' suit is brought in bad faith and founded on an objectively baseless allegation of infringement, with anticompetitive purpose.

## SEVENTH AFFIRMATIVE DEFENSE

48. One or both of Plaintiffs lack standing to assert the cause of action set forth in their complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests entry of judgment in its favor and against Plaintiffs stating:

A. That Plaintiffs Allergan, Inc. and Murray A. Johnstone take nothing by virtue of their Third Amended Complaint;

B. That Defendant Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '105 or the '404 Patents;

C. That the '105 and the '404 Patents are invalid;

ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1. D. That the '105 and the '404 Patents are unenforceable;
2. E. That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;
3. F. That Defendant be awarded its attorneys' fees and costs of suit; and
4. G. Any other, further or different relief as this Court may deem just and proper.

DATED: May 23, 2008

GRAVES LAW OFFICE P.C.

By: _____
Philip J. Graves
Justin D. Sobodash
Marjorie A. Witter
Fredricka Ung
Attorneys for Defendant
ATHENA COSMETICS, INC.

**ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

## COUNTERCLAIMS

For its counterclaims against Allergan, Inc. ("Allergan") and Murray A. Johnstone (collectively, "Counterdefendants"), Athena Cosmetics, Inc. ("Athena" or "Counterclaimant"), alleges and states as follows:

## PARTIES

1. Counterclaimant Athena was incorporated under the laws of the State of Nevada with a principal place of business at 701 North Green Valley Parkway, Henderson, Nevada.

2. Upon information and belief, Counterdefendant Allergan is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2525 Dupont Drive, Irvine, California.

3. Upon information and belief, Counterdefendant Johnstone is an individual residing in Seattle, Washington.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Counterdefendants have submitted to the personal jurisdiction and venue of this Court by filing their Third Amended Complaint herein.

## FACTUAL BACKGROUND

6. Counterdefendants allege in their Third Amended Complaint that they own all right, title, and interest in and standing to sue for infringement of U.S. Patent No. 6,262,105 ("the '105 Patent") and U.S. Patent No. 7,351,404 ("the '404 Patent"), and that Athena has infringed and is infringing the '105 and '404 Patents. Athena denies the charges of infringement in their entirety and alleges that the '105 and '404 Patents are not infringed and are invalid and unenforceable.

7. As a consequence of the foregoing, there is an actual and justiciable controversy between Athena and Counterdefendants with regard to which Athena requests a judicial declaration.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '105 Patent)**

8. Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1 through 6 above.

9. An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether Athena has infringed and is infringing the '105 Patent.

10. Athena has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '105 Patent.

11. Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

12. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity as to the '105 Patent)**

13. Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-11 above.

14. An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether the '105 Patent is valid.

15. Athena is informed and believes, and on that basis alleges, that the '105 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

16. Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

17. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Unenforceability as to the '105 Patent)**

18. Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-16 above.

19. An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether the '105 Patent is enforceable.

20. Athena is informed and believes, and on that basis alleges, that the '105 Patent is unenforceable.

21. Athena desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

22. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FOURTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '404 Patent)**

23. Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1 through 6 above.

24. An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether Athena has infringed and is infringing the '404 Patent.

25. Athena has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '404 Patent.

26. Athena desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

27. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity as to the '404 Patent)

28. Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-6 and 24-26 above.

29. An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether the '404 Patent is valid.

30. Athena is informed and believes, and on that basis alleges, that the '404 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

31. Athena desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

32. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Unenforceability as to the '404 Patent)

33. Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-6, 24-26, and 29-31 above.

34. An actual controversy has arisen and now exists between Athena, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether the '404 Patent is enforceable.

35. Athena is informed and believes, and on that basis alleges, that the '404 Patent is unenforceable.

36. Athena desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

37. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant requests entry of judgment in its favor and against Counterdefendants providing:

A. That Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '105 Patent;

B. That the '105 Patent is invalid;

C. That the '105 Patent is unenforceable;

D. That Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '404 Patent;

E. That the '404 Patent is invalid;

F. That the '404 Patent is unenforceable;

D. That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

E. That Counterclaimant be awarded its attorneys' fees and costs of suit; and

F. Any other, further or different relief as this Court may deem just and proper.

DATED: May 23, 2008

GRAVES LAW OFFICE P.C.

By: _____
Philip J. Graves
Justin D. Sobodash
Marjorie A. Witter
Fredricka Ung
Attorneys for Defendant
ATHENA COSMETICS, INC.

1 **JURY DEMAND**

2 Defendant and Counterclaimant Athena Cosmetics, Inc. hereby demands a
3 trial by jury on all issues so triable.

4 DATED: May 23, 2008                    GRAVES LAW OFFICE P.C.

By: *(signature)*
Philip J. Graves
Justin D. Sobodash
Marjorie A. Witter
Fredricka Ung
Attorneys for Defendant
ATHENA COSMETICS, INC.

**ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

## PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. My business address is Graves Law Office, P.C., 12121 Wilshire Boulevard, Suite 775, Los Angeles, California 90025.

On May 23, 2008, I served the following document entitled **ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIMANT ATHENA COSMETICS, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT, and REQUEST FOR JURY TRIAL** on all interested parties to this action in the manner prescribed as follows:

*Attorneys for Plaintiffs/Counterclaimants*
**ALLERGAN, INC. and MURRAY A. JOHNSTONE**
Jeffrey T. Thomas
T. Kevin Roosevelt
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Facsimile: (949) 451-4220

__X__ **CM/ECF**: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

_____ **MAIL**: I placed true and correct copies of the document(s) in sealed envelope(s) addressed to the above addressee(s). I am readily familiar with Graves Law Office, P.C.'s practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

_____ **FAX**: I caused the within document to be transmitted via facsimile transmission to the above addressee(s) at the above facsimile numbers before 5:00 p.m. on the above date.

_____ **EMAIL**: I transmitted true copies of the within document (without exhibits) electronically by means of email to the above addressee(s) at the above email address(es).

_____ **HAND**: I caused the within document to be hand-delivered to the above addressee(s) at the above address(es).

_____ **FEDEX**: I caused the within document to be delivered by Federal Express addressee(s) at the above address(es).

I declare that I am employed by a member of the bar at whose direction such service was made.

Executed on May 23, 2008, at Los Angeles, California.

/s/ Hamid Barandaran
Hamid Barandaran