## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **SACV 07-1316-JVS (RNBx)**                                    Date: **October 24, 2008**

Title:  **Allergan, Inc., et al. v. Cayman Chemical Company, et al.**

**DOCKET ENTRY**

PRESENT:

**HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE**

<u>Kerri Glover</u>                                    <u>    n/a    </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:                ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                        None present

**PROCEEDINGS:  (IN CHAMBERS)**

### Allergan's Motion to Compel Further Responses and Production of Documents

Although the Court does not condone the failure of Athena's counsel to honor the commitment she made in her October 3, 2008 e-mail to provide Athena's supplemental discovery responses by October 9, it appears from the Joint Stipulation that Athena did serve further supplemental responses to the production requests in dispute on October 17, 2008 (and began producing documents on that date) and did serve further supplemental responses to the interrogatories in dispute on October 20, 2008. Accordingly, to the extent that (a) the Joint Stipulation does not reflect those further supplemental responses, and (b) Allergan's contentions in the Joint Stipulation are directed to previous responses of Athena that were further supplemented prior to the filing of this Motion, the Court concurs with Athena that the motion, as framed and argued by Allergan in the Joint Stipulation, is now moot.

However, Athena appears to acknowledge in its introductory statement that there remain unresolved issues with respect to some of the discovery requests in dispute. Further, it appears to the Court from Athena's references to its further supplemental responses that those further supplemental responses did not resolve all of the parties' disputes over particular discovery requests.

In any event, based on its perusal of the Joint Stipulation and accompanying declarations and exhibits, the Court is not convinced that counsel truly have made a good faith effort to eliminate the necessity for hearing the Motion or eliminate as many of the disputes as possible, as required by Local Rule 37-1. The Court notes in this regard that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 07-1316-JVS (RNBx)                                    October 24, 2008
<u>**Allergan, Inc., et al. v. Cayman Chemical Company, et al.**</u>                    Page 2

--------------------------------------------------------------------------------------------------------------------

the Joint Stipulation does not comply with Local Rule 37-2.1, because the parties did not specify when they set forth their respective contentions with respect to each discovery request in dispute, how they proposed to resolve the remaining dispute(s) over that particular discovery request at the conference of counsel.  The Court further notes that the parties have done an inadequate job in the Joint Stipulation of addressing each other's contentions.  For example, in a number of instances, Allergan's contentions are wholly nonresponsive to Athena's contention that the discovery request in dispute seeks irrelevant information or documents.  In other instances, Allergan has simply asserted conclusorily, without explanation, that the information sought "is clearly relevant and discoverable."  In other instances, where Allergan did explain the basis for its contention that the information or documents sought are relevant, Athena's conclusory assertion of irrelevance is nonresponsive to Allergan's explanation.

Accordingly, in lieu of actually ruling at the November 18, 2008 hearing on any of the discovery requests in dispute, the Court intends to require the parties' counsel to meet and confer further under the Court's auspices.  **Lead counsel for each party is ORDERED to appear in person on November 18, 2008, at 9:30 a.m. for that purpose.**  Since the Court does not intend to excuse counsel until such time as the Court is satisfied that they indeed have made a good faith effort to eliminate the necessity for hearing the Motion or to eliminate as many of the disputes as possible, counsel would be well advised to clear their calendars for that entire day.  It goes without saying that counsel are encouraged to confer in advance of the November 18, 2008 hearing date.

To the extent that counsel are able to reach stipulations before or at the November 18, 2008 hearing, the Court will permit them to recite their stipulations on the record, and the Court will then order compliance therewith.  However, if counsel still have not resolved all of their disputes concerning Allergan's interrogatories and document production requests after meeting and conferring at the November 18, 2008 hearing, the Court will set dates for the preparation and filing of a revised Joint Stipulation in strict compliance with Local Rule 37-2.1 and for the filing of the parties' Supplemental Memoranda.

Upon its review of the revised Joint Stipulation, the Court will determine whether the Joint Stipulation complies with Local Rule 37-2.1 and the Court's instructions, and

MINUTES FORM 11                                                    Initials of Deputy Clerk td for kg
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 07-1316-JVS (RNBx)     October 24, 2008
**Allergan, Inc., et al. v. Cayman Chemical Company, et al.**     Page 3

-------------------------------------------------------------------------------------------------------------------

if so, whether to set the matter for hearing, or whether to just take the matter under submission as of the date the parties' Supplemental Memoranda are due and rule on the discovery requests still remaining in dispute without oral argument per Local Rule 7-15.

For purposes of their preparation for the further meet and confer session, the Court will share with counsel the following observations and guidance:

   1.   The scope of permissible discovery was narrowed by the amendments to the Federal Rules of Civil Procedure which became effective December 1, 2000.  Under Fed. R. Civ. P. 26(b)(1), as amended, the scope of discoverable information no longer is any unprivileged matter which is relevant to the subject matter involved in the pending action and/or reasonably calculated to lead to the discovery of admissible evidence. Rather, the scope of discoverable information may now be stated as follows: any unprivileged matter relevant to the claim or defense of any party, and/or relevant information reasonably calculated to lead to the discovery of admissible evidence.  When a timely relevance objection to a particular discovery request has been interposed by the responding party, the Court subscribes to the view that the burden of demonstrating relevance rests with the party seeking discovery.  See Schwarzer, Tashima & Wagstaffe, <u>Federal Civil Procedure Before Trial</u> ["STW"] ¶ 11:615 (2007 rev. ed.).

   2.   It is not clear to the Court from the Joint Stipulation whether Athena has complied with its obligation under Fed. R. Civ. P. 26(a) to voluntarily disclose the documents which it contemplates using to support its defenses.  The Advisory Committee notes make clear that this voluntary disclosure obligation extends to information and documents a party may use to support its denial or rebuttal of the allegations, claims or defenses of the other party.  Further, Fed. R. Civ. P. 26(e) provides for the supplementation of both voluntary disclosures and responses to formal discovery.

   3.   When the propounding party contends that a response or supplemental response to a particular discovery request is insufficient, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.: SACV 07-1316-JVS (RNBx)                                October 24, 2008
**Allergan, Inc., et al. v. Cayman Chemical Company, et al.**                Page 4

---

incumbent on counsel for the propounding party in the first instance to articulate for the responding party the respects in which the response is insufficient and/or what clarification or additional response the propounding parting would be willing to accept as sufficiently responsive, bearing in mind the now limited scope of permissible discovery. It then becomes incumbent on counsel for the responding party to address each of the respects in which the propounding party contends that the response is insufficient.

      4.    The Court expects counsel to be able to resolve any objection that a particular discovery request or a particular term contained in a particular discovery request is vague, ambiguous and/or unintelligible. Once the responding party has specified the respects in which it contends the discovery request and/or term is vague, ambiguous and/or unintelligible, it becomes incumbent on counsel for the propounding party to sufficiently clarify the request and/or term to resolve that issue.

      5.    If the responding party has objected to a particular discovery request on the ground that it is overbroad because it seeks information beyond the permissible scope of discovery, it is incumbent on the responding party's counsel to specify in what respects the responding party contends the request is overbroad and to also specify what documents or information the responding party is willing to produce or provide. It then becomes incumbent on counsel for the propounding party to narrow the request and/or explain why the documents or information being offered will not be sufficient for its purposes. ("Explain" means something other than, "but that's not what I asked for.") If the propounding party does articulate bona fide reasons for why the documents or information being offered will not be sufficient, it then becomes incumbent on counsel for the responding party to address those reasons.

      6.    The Court will not order a party to produce documents which the party already has produced in this or a previously-pending action between the same parties, whether produced informally, or pursuant to its

---

MINUTES FORM 11                                         Initials of Deputy Clerk td for kg
CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.: SACV 07-1316-JVS (RNBx)    October 24, 2008
<u>**Allergan, Inc., et al. v. Cayman Chemical Company, et al.**</u>    Page 5

---

voluntary disclosure obligations, or in response to a previous discovery request.

      7.    The Court will not order a party to produce documents which the party represents either never existed or no longer exist, unless the propounding party convinces the Court that the representation has not been made in good faith and/or that the responding party did not make a reasonably diligent effort to locate responsive documents before making the representation.

      8.    The responding party has the burden of convincing the Court that Fed. R. Civ. P. 33(d) has properly been invoked. As a general proposition, the Court concurs with Allergan that Fed. R. Civ. P. 33(d) may not properly be invoked in response to a contention interrogatory. Even when the Court is convinced that Fed. R. Civ. P. 33(d) has properly been invoked in response to a particular interrogatory, the Court will require the responding party to serve a supplemental response for each interrogatory that (a) identifies the documents (including electronically-stored documents) by category and location from which the responsive information can be derived, and (b) includes a narrative explaining how the responsive information can be derived from those documents.

      9.    In ruling on a discovery motion, the Court only considers objections that the responding party has addressed in its portions of the Joint Stipulation relating to that particular discovery request. All other objections interposed by the responding party, including any "incorporated" general objections, automatically are overruled.

cc:    Judge Selna