1  JEFFREY J. ZUBER (SBN 220830)
     jzuber@ztllp.com
2  ZUBER & TAILLIEU LLP
     10866 Wilshire Boulevard, Suite 300
3  Los Angeles, California 90024
     Telephone: (310) 807-9700
4  Facsimile: (310) 807-9701

5  Attorneys for Defendant Global MDRx

6

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SANTA DIVISION

10

| 11 | ALLERGAN, INC., a Delaware corporation, and MURRAY A. JOHNSTONE, M.D., an individual, | CASE NO. SACV07-1316 JVC (RNBx) |
|----|----|----|
| 12 | | **ZUBER & TAILLIEU LLP'S NOTICE OF MOTION AND MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL; DECLARATION OF JEFFERY J. ZUBER** |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | CAYMAN CHEMICAL COMPANY, a Colorado corporation, JAN MARINI SKIN RESEARCH INC., a California corporation; ATHENA COSMETIC, INC., a Nevada corporation; ATHENA BIOSCIENCE, LLC, a limited liability company; INTUIT BEAUTY, INC., a Nevada corporation; PHOTOMEDEX, INC., a Delaware corporation; PROCYTE CORPORATION, a Washington corporation; COSMETIC ALCHEMY, LLC, a limited liability company; and GLOBAL MDRx, a Nevada corporation, | [Assigned for all purposes to the Hon. James V. Selna, Dept. 10-C] |
| 16 | | Action Filed:    November 7, 2007 Trial Date:    None Set |
| 17 | | |
| 18 | | Date: March 2, 2009 Time: 1:30 P.M. |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | Defendant. | |

24      To GLOBAL MDRx and all other interested parties:

25      PLEASE TAKE NOTICE that Zuber & Taillieu LLP will move for an order

26  permitting Zuber & Taillieu LLP to withdraw as attorneys of record in this action. A

27  hearing on this motion to withdraw as counsel will be held on March 2, 2009 at 1:30

28

1212-1001 / 63830.1

1  P.M., in Courtroom 10 of the United States District Court for the Central District of

2  California located at 411 West Fourth Street, Santa Ana, California 92701.

3       This motion is based on the grounds that good cause exists to grant Zuber &

4  Taillieu LLP's motion to withdraw as counsel for Defendant because Defendant has

5  failed to abide by the terms included in its agreement for legal services, including

6  but not limited to issues relating to the payment of fees and costs, and that Zuber &

7  Taillieu LLP will be unable to continue to effectively carry out their responsibilities

8  and to provide additional legal services in this action on behalf of Defendant.

9  Moreover, permitting Zuber & Taillieu LLP to withdraw will not result in any delay

10  in the prosecution of this action.

11       This motion will be based upon this notice, the accompanying memorandum

12  of points and authorities, the declaration of Jeffery J. Zuber, the Court's files in this

13  case, and any additional evidence or materials that may be introduced at or before

14  there hearing on this motion.

15

16  **<u>SPECIAL NOTICE OF CLIENT'S RESPONSIBILITIES</u>**

17       To GLOBAL MDRx and all other interested parties:

18       PLEASE TAKE NOTICE that if this motion to be relieved as counsel is

19  granted, Zuber & Taillieu LLP will no longer represent you. Be advised that in most

20  cases you cannot represent yourself if you are a trustee, a corporation or an

21  unincorporated association such as a limited liability company.

22       If this motion to withdraw as counsel is granted, you will not have an attorney

23  representing you, and you may wish to seek legal assistance. If you do not have a

24  new attorney to represent you in this action and you are legally permitted to do so,

25  you will be representing yourself. It will be your responsibility to comply with all

26  court rules and applicable laws. If you fail to do so, or fail to appear at hearings,

27  action may be taken against you.

28  / / /

1    Furthermore, if this motion to withdraw is granted, the court needs to know

2  how to contact you. If you do not keep the court and other parties informed of your

3  current address and telephone number, they will not be able to send you notices of

4  action that may affect you, including actions that may adversely affect your interests

5  or result in your losing this case.

6  Dated: January 30 , 2009                Respectfully submitted:

7

8                                          ZUBER & TAILLIEU LLP
                                           JEFFREY J. ZUBER

9

10

11                                  By: _____

12                                        Attorneys for Defendant Global MDRx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO WITHDRAW
AS COUNSEL

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    I.    **STATEMENT OF FACTS**

3    Defendant GLOBAL MDRx ("Defendant") was served with Plaintiffs

4    ALLERGAN, INC. and MURRAY A. JOHNSTONE's (collectively "Plaintiffs")

5    Third Amended Complaint on June 4, 2008.  Due to various issues, Defendant did

6    not respond to the Third Amended Complaint in a timely fashion and Plaintiffs

7    entered a default against Defendant.  Defendant retained the services of Zuber &

8    Taillieu LLP.  Declaration of Jeffery J. Zuber ("Zuber Decl."), ¶ 2.  The scope of

9    Zuber & Taillieu LLP's retention included setting aside the default entered against

10    Defendant.  Zuber Decl., ¶ 2.

11    On October 16, 2008, Zuber & Taillieu LLP filed a Request to Set Aside the

12    Default, which was set for a hearing on November 17, 2008.  At the hearing the

13    Court denied Defendant's Request to Set Aside the Default.  Due to this, Defendant

14    has not been able to appear in this action or defend itself from Plaintiff's allegations.

15    Since the hearing for the Request to Set Aside the Default, it has become

16    increasingly difficult for Zuber & Taillieu LLP to carry out their responsibilities and

17    to provide legal services in this action on behalf of Defendant.  Zuber Decl., ¶ 3.

18    This is due largely to disagreements between Defendant and Zuber & Taillieu LLP

19    given the nature of this litigation and the issues involved in the same.  Zuber Decl.,

20    ¶ 3.  Furthermore, Defendant has failed to abide by the terms included in its

21    agreement for legal services, including but not limited to issues relating to the

22    payment of fees and costs incurred by Zuber & Taillieu LLP in the handling of this

23    matter.  Zuber Decl., ¶ 3.  The above-referenced disagreements and payment issues

24    make it extremely difficult, if not impossible, for Zuber & Taillieu LLP to continue

25    their representation of Defendant in this matter.  Zuber Decl., ¶ 4.

26    / / /

27    / / /

28    / / /

1212-1001 / 63830.1

4

MOTION TO WITHDRAW
AS COUNSEL

## II.    ZUBER & TAILLIEU LLP HAS COMPLIED WITH THE NECESSARY REQUIREMENTS TO WITHDRAW.

"An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Local Rule 83-2.9.2.1. "An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear pro se." Local Rule 83-2.9.2.3.

Zuber & Taillieu LLP has complied with both local rules regarding written notice of the motion to withdraw and of the consequences of a corporation's inability to appear pro se by the filing of this notice of motion and motion to withdraw. Specifically, this motion and the notice for this motion are being served on Defendant. Zuber Decl., ¶ 5.   Included with the notice for this motion to withdraw are instructions to Defendant regarding the inability of a corporation to represent itself, the likelihood that a default judgment will be entered against the corporation if new counsel is not retained, and that a default judgment would mean that the corporation had lost its case. Zuber Decl., ¶ 5.

## III.    ZUBER & TAILLIEU LLP HAS GOOD CAUSE TO WITHDRAW AS DEFENDANT'S ATTORNEY OF RECORD.

An attorney may be permitted to withdraw as counsel upon a showing of good cause and if it is so required to achieve the ends of justice. Local Rule 83-2.9.2.4.  A client's failure to pay the agreed-upon attorney's fees will serve as grounds for an attorney to withdraw. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D.Cal.1992), *citing Statue of Liberty –Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 FRD 395, 397 (S.D.N.Y.1986).

/ / /

/ / /

/ / /

MOTION TO WITHDRAW
AS COUNSEL

1    Here, good cause and the ends of justice require that Zuber & Taillieu LLP be

2  allowed to withdraw as counsel of record for Defendant. It has become increasingly

3  difficult for Zuber & Taillieu LLP to carry out their responsibilities and to provide

4  legal services in this action on behalf of Defendant.  Zuber Decl., ¶ 3.  This is due

5  largely to disagreements between Defendant and Zuber & Taillieu LLP given the

6  nature of this litigation and the issues involved in the same.  Zuber Decl., ¶ 3.

7  Furthermore, Defendant has failed to abide by the terms included in its agreement

8  for legal services, including but not limited to issues relating to the payment of fees

9  and costs incurred by Zuber & Taillieu LLP in the handling of this matter.  Zuber

10  Decl., ¶ 3.  The above-referenced disagreements and payment issues make it

11  extremely difficult, if not impossible, for Zuber & Taillieu LLP to continue their

12  representation of Defendant in this matter.  Zuber Decl., ¶ 4.

13  **IV.    THERE WILL BE NO DELAY BY ZUBER & TAILLIEU LLP'S**

14  **WITHDRAWAL FROM THIS MATTER.**

15    Local Rule 83-2.9.2.4 states in pertinent part that "no substitution or relief of

16  attorney will be approved that will cause delay in prosecution of the case to

17  completion."  No delay in prosecution of this case will result from Zuber & Taillieu

18  LLP's withdrawal as counsel for Defendant.  Plaintiffs have already entered a

19  default against Defendant and the Court has denied Defendant's Request to Set

20  Aside the Default.  Therefore, Defendant cannot defend itself in this action and no

21  delay would result in the prosecution of this litigation. Zuber Decl., ¶ 6.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1212-1001 / 63830.1

6

1  V.    **CONCLUSION**

2          For the reasons stated above, Zuber & Taillieu LLP respectfully requests that

3  this Court allow them to withdraw as counsel for Defendant.

4

5  Dated: January 30, 2009                    Respectfully submitted:

6                                             **ZUBER & TAILLIEU LLP**

7                                             JEFFREY J. ZUBER

8

9

10                                    By: _____

11                                        Attorneys for Defendant Global MDRx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7