

GRAVES LAW OFFICE P.C.
Philip J. Graves (SBN 153441)
pgraves@graveslawpc.com
John R. Walton (SBN 130666)
jwalton@graveslawpc.com
Pablo Arredondo (SBN 241142)
parredondo@graveslawpc.com
James Ahn (SBN 243335)
jahn@graveslawpc.com
Monique Cho (SBN 251949)
mcho@graveslawpc.com
Fredricka Ung (SBN 253794)
fung@graveslawpc.com
Shen Li Khong (SBN 261326)
skhong@graveslawpc.com
12121 Wilshire Blvd., Suite 775
Los Angeles, California 90025
Telephone:   (310) 295-6500
Facsimile:   (310) 295-6501

Attorneys for Defendants
ATHENA COSMETICS, INC.,
PHARMA TECH INTERNATIONAL, INC. and
NORTHWEST COSMETIC LABORATORIES, LLC

**ORIGINAL**

FILED

2009 SEP -8  PM 3: 41

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALLERGAN, INC., a Delaware corporation, MURRAY A. JOHNSTONE, M.D., an individual, and DUKE UNIVERSITY

Plaintiffs,

v.

ATHENA COSMETICS, INC., a Nevada Corporation; COSMETIC ALCHEMY, LLC; NORTHWEST COSMETIC LABORATORIES, LLC; PHARMA TECH INTERNATIONAL, INC.; DIMENSIONAL MERCHANDISING, INC.; STELLA INTERNATIONAL, LLC; PRODUCT INNOVATIONS, LLC; METICS, LLC; NUTRA LUXE M.D., LLC; SKIN RESEARCH LABORATORIES, INC.; LIFETECH RESOURCES, LLC; ROCASUBA, INC.; PETER THOMAS ROTH LABS LLC; and PETER THOMAS ROTH, INC.,

Defendants.

*Lead Case:*
CASE NO. SACV07-1316 JVS (RNBx)
*Consolidated with:*
CASE NO. SACV09-0328 JVS (RNBx)

**ANSWER AND COUNTERCLAIMS OF DEFENDANT NORTHWEST COSMETIC LABORATORIES, LLC TO PLAINTIFFS ALLERGAN, INC., MURRAY A. JOHNSTONE, AND DUKE UNIVERSITY'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ANSWER AND COUNTERCLAIMS OF DEFENDANT NORTHWEST COSMETIC
LABORATORIES, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT

ATHENA COSMETICS, INC., a
Nevada corporation,

               Counterclaimant,

    v.

ALLERGAN, INC., a Delaware
corporation, MURRAY A.
JOHNSTONE, an individual; and DUKE
UNIVERSITY

               Counterclaim
               Defendants.

**ANSWER AND COUNTERCLAIMS OF DEFENDANT NORTHWEST COSMETIC
LABORATORIES, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    Defendant Northwest Cosmetic Laboratories, LLC ("Defendant"), by counsel,

2  hereby answers the First Amended Complaint ("Complaint") filed by Allergan, Inc.

3  ("Allergan"), Murray A. Johnstone ("Johnstone") and Duke University ("Duke")

4  (collectively "Plaintiffs"), and states as follows:

5    1.    Defendant admits the allegations contained in paragraph 1 of the

6  Plaintiffs' Complaint.

7    2.    Defendant admits the allegations contained in paragraph 2 of the

8  Plaintiffs' Complaint.

9    3.    This paragraph states a legal conclusion as to which no response is

10  required, and on that basis Defendant denies the allegations contained in paragraph 3

11  of Plaintiffs' Complaint.

12    4.    Defendant admits that it has manufactured a product called RevitaLash

13  and Hair by RevitaLash.  Defendant is without knowledge sufficient to form a belief

14  as to the truth or falsehood of the remaining allegations contained in paragraph 3 of

15  Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained

16  in paragraph 4 of Plaintiffs' Complaint.

17    5.    Defendant is without knowledge sufficient to form a belief as to the

18  truth or falsehood of the allegations contained in paragraph 5 of Plaintiffs'

19  Complaint, and on that basis Defendant denies the allegations contained in

20  paragraph 5 of Plaintiffs' Complaint.

21    6.    Defendant is without knowledge sufficient to form a belief as to the

22  truth or falsehood of the allegations contained in paragraph 6 of Plaintiffs'

23  Complaint, and on that basis Defendant denies the allegations contained in

24  paragraph 5 of Plaintiffs' Complaint.

25    7.    Defendant is without knowledge sufficient to form a belief as to the

26  truth or falsehood of the allegations contained in paragraph 7 of Plaintiffs'

27  Complaint, and on that basis Defendant denies the allegations contained in

28  paragraph 7 of Plaintiffs' Complaint.

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA
COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1        8.    Defendant admits that Athena Cosmetics is a corporation organized and

2    existing under the laws of the State of Nevada, with a place of business at 701 North

3    Green Valley Parkway, Henderson, Nevada, and that it is the successor in interest to

4    Athena Cosmetics Corporation.

5        9.    Defendant is without knowledge sufficient to form a belief as to the

6    truth or falsehood of the allegations contained in paragraph 9 of Plaintiffs'

7    Complaint, and on that basis Defendant denies the allegations contained in

8    paragraph 9 of Plaintiffs' Complaint.

9        10.    Defendant admits that Pharma Tech International, Inc. ("Pharma Tech")

10   is a corporation organized under the laws of the state of New Jersey, with a place of

11   business at 21 Just Road, Fairfield, New Jersey.

12       11.    Defendant is without knowledge sufficient to form a belief as to the

13   truth or falsehood of the allegations contained in paragraph 11 of Plaintiffs'

14   Complaint, and on that basis Defendant denies the allegations contained in

15   paragraph 11 of Plaintiffs' Complaint.

16       12.    Defendant admits that Northwest Cosmetic Laboratories is a limited

17   liability company existing under the laws of the State of Idaho, with its principal

18   place of business at 200 Technology Drive, Idaho Falls, Idaho.

19       13.    Defendant is without knowledge sufficient to form a belief as to the

20   truth or falsehood of the allegations contained in paragraph 13 of Plaintiffs'

21   Complaint, and on that basis Defendant denies the allegations contained in

22   paragraph 13 of Plaintiffs' Complaint.

23       14.    Defendant is without knowledge sufficient to form a belief as to the

24   truth or falsehood of the allegations contained in paragraph 14 of Plaintiffs'

25   Complaint, and on that basis Defendant denies the allegations contained in

26   paragraph 14 of Plaintiffs' Complaint.

27       15.    Defendant is without knowledge sufficient to form a belief as to the

28   truth or falsehood of the allegations contained in paragraph 15 of Plaintiffs'

2

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    Complaint, and on that basis Defendant denies the allegations contained in

2    paragraph 15 of Plaintiffs' Complaint.

3        16.    Defendant is without knowledge sufficient to form a belief as to the

4    truth or falsehood of the allegations contained in paragraph 16 of Plaintiffs'

5    Complaint, and on that basis Defendant denies the allegations contained in

6    paragraph 16 of Plaintiffs' Complaint.

7        17.    Defendant is without knowledge sufficient to form a belief as to the

8    truth or falsehood of the allegations contained in paragraph 17 of Plaintiffs'

9    Complaint, and on that basis Defendant denies the allegations contained in

10    paragraph 17 of Plaintiffs' Complaint.

11        18.    Defendant is without knowledge sufficient to form a belief as to the

12    truth or falsehood of the allegations contained in paragraph 18 of Plaintiffs'

13    Complaint, and on that basis Defendant denies the allegations contained in

14    paragraph 18 of Plaintiffs' Complaint.

15        19.    Defendant is without knowledge sufficient to form a belief as to the

16    truth or falsehood of the allegations contained in paragraph 19 of Plaintiffs'

17    Complaint, and on that basis Defendant denies the allegations contained in

18    paragraph 19 of Plaintiffs' Complaint.

19        20.    Defendant is without knowledge sufficient to form a belief as to the

20    truth or falsehood of the allegations contained in paragraph 20 of Plaintiffs'

21    Complaint, and on that basis Defendant denies the allegations contained in

22    paragraph 20 of Plaintiffs' Complaint.

23        21.    Defendant is without knowledge sufficient to form a belief as to the

24    truth or falsehood of the allegations contained in paragraph 21 of Plaintiffs'

25    Complaint, and on that basis Defendant denies the allegations contained in

26    paragraph 21 of Plaintiffs' Complaint.

27        22.    Defendant is without knowledge sufficient to form a belief as to the

28    truth or falsehood of the allegations contained in paragraph 22 of Plaintiffs'

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Complaint, and on that basis Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.  Upon information and belief, Allergan asserted in proceedings before the U.S. Patent and Trademark Office that bimatoprost is a "prostamide," and that "prostamides" are biologically distinct from prostaglandins.

23.  Defendant admits that prostaglandins exist.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 23 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 24 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 25 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 26 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.  Defendant admits that what purports to be a true and correct copy of the '105 Patent was attached as Exhibit A to Plaintiffs' Complaint.  Defendant admits that the '105 Patent is entitled "Method of Enhancing Hair Growth."  Defendant admits that the '105 Patent lists July 17, 2001 as the Date of Patent.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 27 of Plaintiffs' Complaint, and on that

4

1  basis Defendant denies all remaining allegations contained in paragraph 27 of

2  Plaintiffs' Complaint.

3       28.    Defendant admits that what purports to be a copy of a Patent License

4  Agreement between Allergan and Dr. Johnstone is attached as Exhibit B to

5  Plaintiffs' Complaint. Defendant is without knowledge sufficient to form a belief as

6  to the truth or falsehood of whether Allergan entered into a Patent License

7  Agreement with Dr. Johnstone on June 29, 2006. Defendant denies that the Patent

8  License Agreement attached as Exhibit B grants to Allergan the exclusive right to

9  make, use, and sell the patented invention throughout the world. Defendant is

10  without knowledge sufficient to form a belief as to the truth or falsehood of all

11  remaining allegations contained in paragraph 28 of Plaintiffs' Complaint, and on that

12  basis Defendant denies all remaining allegations contained in paragraph 28 of

13  Plaintiffs' Complaint.

14       29.    Defendant admits that United States Patent No. 7,351,404 ("the '404

15  Patent") indicates that Application No. 10/345,788 was filed on January 15, 2003.

16  Defendant admits that the '404 Patent indicates that Provisional application No.

17  60/354,425 was filed on February 4, 2002. Defendant is without knowledge

18  sufficient to form a belief as to the truth or falsehood of all remaining allegations

19  contained in paragraph 29 of Plaintiffs' Complaint, and on that basis Defendant

20  denies all remaining allegations contained in paragraph 29 of Plaintiffs' Complaint.

21       30.    Defendant admits that what purports to be a true and correct copy of the

22  '404 Patent was attached as Exhibit C to Plaintiffs' Complaint. Defendant admits

23  that the '404 Patent lists April 1, 2008 as the Date of Patent. Defendant admits that

24  the '404 Patent lists Allergan as an Assignee. Defendant is without knowledge

25  sufficient to form a belief as to the truth or falsehood of all remaining allegations

26  contained in paragraph 30 of Plaintiffs' Complaint, and on that basis Defendant

27  denies all remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

28

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA
COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

31.    Defendant admits that United States Patent No. 7,388,029 ("the '029 Patent") indicates that Application No. 11/138,097 was filed on May 26, 2005. Defendant admits that the '029 Patent indicates that Provisional application No. 60/193,645 was filed on March 31, 2000.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 31 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.    Defendant admits that what purports to be a true and correct copy of the '029 Patent was attached as Exhibit D to Plaintiffs' Complaint.  Defendant admits that the '029 Patent lists June 17, 2008 as the Date of Patent.  Defendant admits that the '029 Patent lists Duke University as an Assignee.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 32 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.    Defendant admits that what purports to be a copy of a Patent License Agreement between Allergan and Duke University is attached as Exhibit E to Plaintiffs' Complaint.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of whether Allergan entered into a Patent License Agreement with Duke University on December 17, 2007.  Defendant denies that the Patent License Agreement attached as Exhibit E grants to Allergan the exclusive right to make, use, and sell the patented invention throughout the world.  Defendant denies that the Patent License Agreement attached as Exhibit E grants to Allergan the exclusive right to make, use, and sell the patented invention outside the field of eyelash growth products.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 33 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

6

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

34.     Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 34 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations contained in paragraph 35 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant admits that it manufactures Athena's RevitaLash and Hair by RevitaLash products.  Defendant denies that RevitaLash and Hair by RevitaLash is marketed or sold for any intended use as an eyelash or hair growth product. Defendant denies all remaining allegations of paragraph 36 as to Defendants. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations contained in paragraph 36 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 37 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 38 of Plaintiffs' Complaint, and on that basis Defendant denies the all remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations in paragraph 39 of Plaintiffs' Complaint, and on

7

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   that basis Defendant denies the all allegations contained in paragraph 39 of

2   Plaintiffs' Complaint.

3       40.    Defendant denies allegations of paragraph 40 as to Defendant.

4   Defendant denies that it sells RevitaLash or Hair by RevitaLash for any intended use

5   as an eyelash or hair growth product.  Defendant is without knowledge sufficient to

6   form a belief as to the truth or falsehood of all remaining allegations contained in

7   paragraph 40 of Plaintiffs' Complaint, and on that basis Defendant denies all

8   remaining allegations contained in paragraph 40 of Plaintiffs' Complaint.

9       41.    Defendant denies the allegations of paragraph 41 of Plaintiffs'

10  Complaint as to Defendant.  Defendant denies that it sells RevitaLash or Hair by

11  RevitaLash for any intended use as an eyelash or hair growth product.  Defendant is

12  without knowledge sufficient to form a belief as to the truth or falsehood of all

13  remaining allegations in paragraph 41 of Plaintiffs' Complaint, and on that basis

14  Defendant denies the all remaining allegations contained in paragraph 41 of

15  Plaintiffs' Complaint.

16      42.    Defendant is without knowledge sufficient to form a belief as to the

17  truth or falsehood of the allegations in paragraph 42 of Plaintiffs' Complaint, and on

18  that basis Defendant denies all allegations contained in paragraph 42 of Plaintiffs'

19  Complaint.

20      43.    Defendant denies the allegations in paragraph 43 of Plaintiffs'

21  Complaint as to Defendant.  Defendant denies that it manufactures RevitaLash or

22  Hair by RevitaLash for any intended use as a drug.  Defendant manufactures

23  RevitaLash and Hair by RevitaLash as cosmetic eyelash and hair conditioner

24  products.

25      44.    Defendant denies that it manufactures RevitaLash or Hair by

26  RevitaLash for any intended use as a drug.  Defendant manufactures RevitaLash as a

27  cosmetic eyelash conditioner product, and Hair by RevitaLash as a cosmetic hair

28  conditioner product.  Cosmetic products do not require FDA approval or a

8

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

prescription.  Defendant denies that it manufactures RevitaLash or Hair by

RevitaLash in violation of federal and California State laws.  Defendant is without

knowledge sufficient to form a belief as to the truth or falsehood of all remaining

allegations in paragraph 44 of Plaintiffs' Complaint, and on that basis Defendant

denies all remaining allegations contained in paragraph 44 of Plaintiffs' Complaint.

## FIRST CLAIM FOR RELIEF

45.    Defendant repeats and incorporates by reference the responses to

paragraphs 1-44 above, as if fully set forth herein.

46.    Defendant denies the allegations of paragraph 46 as to Defendants.

Defendant is without knowledge sufficient to form a belief as to the truth or

falsehood of all remaining allegations in paragraph 46 of Plaintiffs' Complaint, and

on that basis Defendant denies the remaining allegations contained in paragraph 46

of Plaintiffs' Complaint.

47.    Defendant denies the allegations of paragraph 47 as to Defendants.

Defendant is without knowledge sufficient to form a belief as to the truth or

falsehood of all remaining allegations in paragraph 47 of Plaintiffs' Complaint, and

on that basis Defendant denies the remaining allegations contained in paragraph 47

of Plaintiffs' Complaint.

48.    Defendant denies the allegations of paragraph 48 as to Defendants.

Defendant is without knowledge sufficient to form a belief as to the truth or

falsehood of all remaining allegations in paragraph 48 of Plaintiffs' Complaint, and

on that basis Defendant denies the remaining allegations contained in paragraph 48

of Plaintiffs' Complaint.

49.    Defendant denies the allegations of paragraph 49 as to Defendants.

Defendant is without knowledge sufficient to form a belief as to the truth or

falsehood of all remaining allegations in paragraph 49 of Plaintiffs' Complaint, and

on that basis Defendant denies the remaining allegations contained in paragraph 49

of Plaintiffs' Complaint.

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA
COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

## SECOND CLAIM FOR RELIEF

50.     Defendant repeats and incorporates by reference the responses to paragraphs 1-49 above, as if fully set forth herein.

51.     Defendant denies the allegations of paragraph 51 as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 51 of Plaintiffs' Complaint, and on that basis Defendant denies the remaining allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendant denies the allegations of paragraph 52 as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 52 of Plaintiffs' Complaint, and on that basis Defendant denies the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendant denies the allegations of paragraph 52 as to Defendant. Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 53 of Plaintiffs' Complaint, and on that basis Defendant denies the remaining allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of the allegations in paragraph 54 of Plaintiffs' Complaint, and on that basis Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF

55.     Defendant repeats and incorporates by reference the responses to paragraphs 1-54 above, as if fully set forth herein.

56.     Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to

THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA
COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1  form a belief as to the truth or falsehood of all remaining allegations in paragraph 56
2  of Plaintiffs' Complaint, and on that basis Defendant denies all remaining
3  allegations contained in paragraph 56 of Plaintiffs' Complaint.

4        57.    Defendant denies the allegations contained in paragraph 57 of
5  Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to
6  form a belief as to the truth or falsehood of all remaining allegations in paragraph 57
7  of Plaintiffs' Complaint, and on that basis, Defendant denies all remaining
8  allegations contained in paragraph 57 of Plaintiffs' Complaint.

9        58.    Defendant denies the allegations contained in paragraph 58 of
10 Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to
11 form a belief as to the truth or falsehood of all remaining allegations in paragraph 58
12 of Plaintiffs' Complaint, and on that basis, Defendant denies all remaining
13 allegations contained in paragraph 58 of Plaintiffs' Complaint.

14       59.    Defendant denies the allegations contained in paragraph 59 of
15 Plaintiffs' Complaint as to Defendant.  Defendant is without knowledge sufficient to
16 form a belief as to the truth or falsehood of all remaining allegations in paragraph 59
17 of Plaintiffs' Complaint, and on that basis, Defendant denies all remaining
18 allegations contained in paragraph 59 of Plaintiffs' Complaint.

19                        **FOURTH CLAIM FOR RELIEF**

20       60.    Defendant repeats and incorporates by reference the responses to
21 paragraphs 1-59 above, as if fully set forth herein.

22       61.    Defendant denies the allegations contained in paragraph 61as to
23 Defendant.  Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or
24 eyelash growth product.  Defendant manufactures RevitaLash as a cosmetic eyelash
25 conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.
26 Cosmetic products do not require FDA approval or a prescription.  Defendant denies
27 that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and
28 California State laws.  Defendant is without knowledge sufficient to form a belief as

11

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   to the truth or falsehood of all remaining allegations in paragraph 61 of Plaintiffs'

2   Complaint, and on that basis Defendant denies all remaining allegations contained in

3   paragraph 61 of Plaintiffs' Complaint.

4        62.    Defendant denies the allegations contained in paragraph 62 as to

5   Defendant.  Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or

6   eyelash growth product.  Defendant manufactures RevitaLash as a cosmetic eyelash

7   conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

8   Cosmetic products do not require FDA approval or a prescription.  Defendant denies

9   that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and

10  California State laws.  Defendant is without knowledge sufficient to form a belief as

11  to the truth or falsehood of all remaining allegations in paragraph 62 of Plaintiffs'

12  Complaint, and on that basis Defendant denies all remaining allegations contained in

13  paragraph 62 of Plaintiffs' Complaint.

14       63.    Defendant denies the allegations contained in paragraph 63 as to

15  Defendant.  Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or

16  eyelash growth product.  Defendant manufactures RevitaLash as a cosmetic eyelash

17  conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

18  Cosmetic products do not require FDA approval or a prescription.  Defendant is

19  without knowledge sufficient to form a belief as to the truth or falsehood of all

20  remaining allegations in paragraph 63 of Plaintiffs' Complaint, and on that basis

21  Defendant denies all remaining allegations contained in paragraph 63 of Plaintiffs'

22  Complaint.

23       64.    Defendant denies the allegations contained in paragraph 64 as to

24  Defendant.  Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or

25  eyelash growth product.  Defendant manufactures RevitaLash as a cosmetic eyelash

26  conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

27  Cosmetic products do not require FDA approval or a prescription.  Defendant is

28  without knowledge sufficient to form a belief as to the truth or falsehood of all

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  remaining allegations in paragraph 64 of Plaintiffs' Complaint, and on that basis

2  Defendant denies all remaining allegations contained in paragraph 64 of Plaintiffs'

3  Complaint.

4       65.    Defendant denies the allegations contained in paragraph 65 as to

5  Defendant. Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or

6  eyelash growth product. Defendant manufactures RevitaLash as a cosmetic eyelash

7  conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

8  Cosmetic products do not require FDA approval or a prescription. Defendant is

9  without knowledge sufficient to form a belief as to the truth or falsehood of all

10  remaining allegations in paragraph 65 of Plaintiffs' Complaint, and on that basis

11  Defendant denies all remaining allegations contained in paragraph 65 of Plaintiffs'

12  Complaint.

13       66.    Defendant denies the allegations contained in paragraph 66 as to

14  Defendant. Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or

15  eyelash growth product. Defendant manufactures RevitaLash as a cosmetic eyelash

16  conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

17  Cosmetic products do not require FDA approval or a prescription. Defendant denies

18  that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and

19  California State laws. Defendant is without knowledge sufficient to form a belief as

20  to the truth or falsehood of all remaining allegations in paragraph 66 of Plaintiffs'

21  Complaint, and on that basis Defendant denies all remaining allegations contained in

22  paragraph 66 of Plaintiffs' Complaint.

23       67.    Defendant denies the allegations contained in paragraph 67 as to

24  Defendant. Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or

25  eyelash growth product. Defendant manufactures RevitaLash as a cosmetic eyelash

26  conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

27  Cosmetic products do not require FDA approval or a prescription. Defendant denies

28  that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  California State laws. Defendant is without knowledge sufficient to form a belief as
2  to the truth or falsehood of all remaining allegations in paragraph 67 of Plaintiffs'
3  Complaint, and on that basis Defendant denies all remaining allegations contained in
4  paragraph 67 of Plaintiffs' Complaint.

5          68.    Defendant denies the allegations contained in paragraph 68 as to
6  Defendant. Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or
7  eyelash growth product. Defendant manufactures RevitaLash as a cosmetic eyelash
8  conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.
9  Cosmetic products do not require FDA approval or a prescription. Defendant denies
10 that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and
11 California State laws. Defendant is without knowledge sufficient to form a belief as
12 to the truth or falsehood of all remaining allegations in paragraph 68 of Plaintiffs'
13 Complaint, and on that basis Defendant denies all remaining allegations contained in
14 paragraph 68 of Plaintiffs' Complaint.

15         69.    Defendant denies the allegations contained in paragraph 69 as to
16 Defendant. Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or
17 eyelash growth product. Defendant manufactures RevitaLash as a cosmetic eyelash
18 conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.
19 Cosmetic products do not require FDA approval or a prescription. Defendant denies
20 that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and
21 California State laws. Defendant is without knowledge sufficient to form a belief as
22 to the truth or falsehood of all remaining allegations in paragraph 69 of Plaintiffs'
23 Complaint, and on that basis Defendant denies all remaining allegations contained in
24 paragraph 69 of Plaintiffs' Complaint.

25         70.    Defendant denies the allegations contained in paragraph 70 as to
26 Defendant. Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or
27 eyelash growth product. Defendant manufactures RevitaLash as a cosmetic eyelash
28 conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.

14

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Cosmetic products do not require FDA approval or a prescription.  Defendant denies that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and California State laws.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 70 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Defendant denies the allegations contained in paragraph 71 as to Defendant.  Defendant denies that RevitaLash or Hair by RevitaLash are hair and/or eyelash growth product.  Defendant manufactures RevitaLash as a cosmetic eyelash conditioner product, and Hair by RevitaLash as a cosmetic hair conditioner product.  Cosmetic products do not require FDA approval or a prescription.  Defendant denies that it manufactures RevitaLash or Hair by RevitaLash in violation of federal and California State laws.  Defendant is without knowledge sufficient to form a belief as to the truth or falsehood of all remaining allegations in paragraph 71 of Plaintiffs' Complaint, and on that basis Defendant denies all remaining allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Defendant denies the allegations contained in paragraph 72.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

73.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-infringement)

74.     Defendant has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '029 Patents.

## THIRD AFFIRMATIVE DEFENSE

15

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**(Invalidity of Patents-in-Suit)**

75.   The claims of the '029 Patent are invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

76.   One, two or all three of the Plaintiffs lack standing to assert the causes of action set forth in their complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

77.   The '029 Patent is unenforceable under the doctrine of patent misuse.

## SIXTH AFFIRMATIVE DEFENSE

### (Non-infringement)

78.   Defendant has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '105 Patents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of Patents-in-Suit)

79.   The claims of the '105 Patent are invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

## EIGHTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

80.   The '105 Patent is unenforceable under the doctrine of patent misuse.

## NINTH AFFIRMATIVE DEFENSE

### (Non-infringement)

16

81.   Defendant has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '404 Patents.

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity of Patents-in-Suit)

82.   The claims of the '404 Patent are invalid for failure to comply with the conditions and requirements of the patents laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations and laws pertaining thereto.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

83.   The '404 Patent is unenforceable under the doctrine of patent misuse.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests entry of judgment in its favor and against Plaintiffs stating:

A.   That Plaintiffs Allergan, Inc., Murray A. Johnstone and Duke University take nothing by virtue of their Complaint;

B.   That Defendant Athena does not directly or indirectly infringe and has not directly or indirectly infringed the '029 Patent;

C.   That the '029 Patent is invalid;

D.   That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

E.   That Defendant be awarded its attorneys' fees and costs of suit; and

G.   Any other, further or different relief as this Court may deem just and proper.

//
//
//

17

1    DATED:  September 8, 2009         GRAVES LAW OFFICE P.C.

2

3                                 By:

4                                      Philip J. Graves
                                    John R. Walton

5                                     Pablo D. Arredondo
                                    James Ahn

6                                     Monique Cho
                                    Fredricka Ung

7                                     Shen Li Khong
                          Attorneys for Defendant

8                          ATHENA COSMETICS, INC. AND
                         PHARMA TECH INTERNATIONAL, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

## COUNTERCLAIMS

For its counterclaims against Allergan, Inc. ("Allergan") and Duke University (collectively, "Counterdefendants"), Northwest Cosmetic Laboratories, LLC ("Northwest"), alleges and states as follows:

### PARTIES

1.      Counterclaimant Northwest is a limited liability company existing under the laws of the State of Idaho, with its principal place of business at 200 Technology Drive, Idaho Falls, Idaho.

2.      Upon information and belief, Counterdefendant Allergan is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2525 Dupont Drive, Irvine, California.

3.      Upon information and belief, Duke University is a entity located Durham, North Carolina.

### JURISDICTION AND VENUE

4.      The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Counterdefendants have submitted to the personal jurisdiction and venue of this Court by filing their Complaint herein.

### FACTUAL BACKGROUND

6.      Counterdefendants allege in their Complaint that they own all right, title, and interest in and standing to sue for infringement of U.S. Patent No. 6,262,105 ("the '105 Patent"), U.S. Patent No. 7,351,404 ("the '404 Patent"), and U.S. Patent 7,388,029 ("the '029 Patent") and that Northwest has infringed and is infringing the '105 Patent, the '404 Patent, and the '029 Patent.  Northwest denies the charges of infringement in their entirety and alleges that the '105 Patent, the '404 Patent, and the '029 Patent are not infringed and are invalid and unenforceable.

19

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

7.     As a consequence of the foregoing, there is an actual and justiciable controversy between Northwest and Counterdefendants with regard to which Northwest requests a judicial declaration.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '029 Patent)

8.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-7 above.

9.     An actual controversy has arisen and now exists between Northwest, on the one hand, and Allergan and Duke University, on the other hand, concerning whether Northwest has infringed and is infringing the '029 Patent.

10.     Northwest has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '029 Patent.

11.     Northwest desires a judicial determination of the parties' rights and duties with respect to the '029 Patent.

12.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity as to the '029 Patent)

13.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-12 above.

14.     An actual controversy has arisen and now exists between Northwest, on the one hand, and Allergan and Duke University, on the other hand, concerning whether the '029 Patent is valid.

15.     Northwest is informed and believes, and on that basis alleges, that the '105 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

16.     Northwest desires a judicial determination of the parties' rights and duties with respect to the '029 Patent.

17.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '105 Patent)

18.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-17 above.

19.     An actual controversy has arisen and now exists between Northwest, on the one hand, and Allergan and Murray A. Johnstone, on the other hand, concerning whether Northwest has infringed and is infringing the '105 Patent.

20.     Northwest has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '105 Patent.

21.     Northwest desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

22.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity as to the '105 Patent)

23.     Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-22 above.

24.     An actual controversy has arisen and now exists between Northwest, on the one hand, and Allergan and Duke University, on the other hand, concerning whether the '105 Patent is valid.

25.     Northwest is informed and believes, and on that basis alleges, that the '105 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

21

26.   Northwest desires a judicial determination of the parties' rights and duties with respect to the '105 Patent.

27.   A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '404 Patent)

28.   Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-27 above.

29.   An actual controversy has arisen and now exists between Northwest, on the one hand, and Allergan, on the other hand, concerning whether Northwest has infringed and is infringing the '404 Patent.

30.   Northwest has not directly or indirectly infringed and does not directly or indirectly infringe any valid and enforceable claim of the '404 Patent.

31.   Northwest desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

32.   A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity as to the '404 Patent)

33.   Counterclaimant incorporates by reference, as though fully set forth herein, Paragraphs 1-32 above.

34.   An actual controversy has arisen and now exists between Northwest, on the one hand, and Allergan, on the other hand, concerning whether the '404 Patent is valid.

35.   Northwest is informed and believes, and on that basis alleges, that the '105 Patent is invalid for failure to comply with the conditions and requirements of the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

36.     Northwest desires a judicial determination of the parties' rights and duties with respect to the '404 Patent.

37.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their rights as determined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant requests entry of judgment in its favor and against Counterdefendants providing:

A.     That Northwest does not directly or indirectly infringe and has not directly or indirectly infringed the '029 Patent;

B.     That the '029 Patent is invalid;

C.     That the '029 Patent is unenforceable;

D.     That Northwest does not directly or indirectly infringe and has not directly or indirectly infringed the '105 Patent;

E.     That the '105 Patent is invalid;

F.     That the '105 Patent is unenforceable;

G.     That Northwest does not directly or indirectly infringe and has not directly or indirectly infringed the '404 Patent;

H.     That the '404 Patent is invalid;

I.     That the '404 Patent is unenforceable;

J.     That this case be deemed an "exceptional case" within the meaning of 35 U.S.C. § 285;

K.     That Counterclaimant be awarded its attorneys' fees and costs of suit; and

L.     Any other, further or different relief as this Court may deem just and proper.

//
//
//

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

DATED:  September 8, 2009

GRAVES LAW OFFICE P.C.

By: _____
    Philip J. Graves
    John R. Walton
    Pablo D. Arredondo
    James Ahn
    Monique Cho
    Fredricka Ung
    Shen Li Khong
    Attorneys for Defendant
    ATHENA COSMETICS, INC.,
    PHARMA TECH INTERNATIONAL, INC.
    and NORTHWEST COSMETIC
    LABORATORIES, LLC

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**JURY DEMAND**

Defendant Northwest Cosmetics Laboratories, LLC hereby demands a trial by jury on all issues so triable.

DATED:  September 8, 2009

GRAVES LAW OFFICE P.C.

By: _____
Philip J. Graves
John R. Walton
Pablo D. Arredondo
James Ahn
Monique Cho
Fredricka Ung
Shen Li Khong
Attorneys for Defendant
ATHENA COSMETICS, INC.,
PHARMA TECH INTERNATIONAL, INC.
and NORTHWEST COSMETIC
LABORATORIES, LLC

25

**THIRD AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT ATHENA COSMETICS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to this action.  My business address is Graves Law Office, P.C., 12121 Wilshire Boulevard, Suite 775, Los Angeles, California 90025.

On September 8, 2009, I served the following document entitled **ANSWER AND COUNTERCLAIMS OF DEFENDANT NORTHWEST COSMETIC LABORATORIES, LLC TO PLAINTIFFS ALLERGAN, INC., MURRAY A. JOHNSTONE, AND DUKE UNIVERSITY'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on all interested parties to this action in the manner prescribed as follows:

*Attorneys for Plaintiffs/Counterdefendants*
**ALLERGAN, INC. and MURRAY A. JOHNSTONE**
Jeffrey T. Thomas
T. Kevin Roosevelt
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Facsimile:  (949) 451-4220

\_\_\_**CM/ECF**: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

\_X\_**MAIL:** I placed true and correct copies of the document(s) in sealed envelope(s) addressed to the above addressee(s).  I am readily familiar with Graves Law Office, P.C.'s practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

\_\_\_**FAX:** I caused the within document to be transmitted via facsimile transmission to the above addressee(s) at the above facsimile numbers before 5:00 p.m. on the above date.

\_X\_**EMAIL:** I transmitted true copies of the within document (without exhibits) electronically by means of email to the above addressee(s) at the above email address(es).

\_\_\_**HAND:** I caused the within document to be hand-delivered to the above addressee(s) at the above address(es).

\_\_\_**FEDEX:** I caused the within document to be delivered by Federal Express addressee(s) at the above address(es).

I declare that I am employed by a member of the bar at whose direction such service was made.

Executed on September 8, 2009, at Los Angeles, California.

Tiphanie Sparks

1

**PROOF OF SERVICE**