# United States Court of Appeals for the Federal Circuit

2010-1394

ALLERGAN, INC.,

Plaintiff-Appellant,

and

MURRAY A. JOHNSTONE, M.D. and DUKE UNIVERSITY,

Plaintiffs,

v.

ATHENA COSMETICS, INC., PHARMA TECH INTERNATIONAL, INC.,
and NORTHWEST COSMETIC LABORATORIES, INC.,

Defendants-Appellees,

and

COSMETIC ALCHEMY, LLC

Defendant-Appellee,

and

NUTRA-LUXE M.D.,

Defendant,

and

STELLA INTERNATIONAL, LLC,
PRODUCT INNOVATIONS, LLC, and METICS, LLC,
Movants-Appellees,

and

RECEIVED
CLERK, U.S. DISTRICT COURT

JUL - 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PETER THOMAS ROTH, INC. and
PETER THOMAS ROTH LABS LLC,

Defendants-Appellees,

and

LIFETECH RESOURCES, LLC and ROCASUBA, INC.,

Defendants-Appellees,

and

GLOBAL MDRX, COSMETIC TECHNOLOGIES, INC., DMI,
LA CANADA VENTURES INC., and SUSAN F. LIN, M.D.,

Defendants.

# Judgment

ON APPEAL from the     United States District Court for the Central District of California

in CASE NO(S).     07-CV-1316 and 09-CV-0328

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

### REVERSED AND REMANDED

ENTERED BY ORDER OF THE COURT

DATED  MAY 2 4 2011

Jan Horbaly, Clerk



I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

**ISSUED AS A MANDATE:**    JUN 3 0 2011

# United States Court of Appeals for the Federal Circuit

---

**ALLERGAN, INC.,**
*Plaintiff-Appellant,*

and

**MURRAY A. JOHNSTONE, M.D. AND DUKE UNIVERSITY,**
*Plaintiffs,*

v.

**ATHENA COSMETICS, INC., PHARMA TECH INTERNATIONAL, INC., AND NORTHWEST COSMETIC LABORATORIES, INC.,**
*Defendants-Appellees,*

and

**COSMETIC ALCHEMY, LLC**
*Defendant-Appellee,*

and

**NUTRA-LUXE M.D.,**
*Defendant,*

and

**STELLA INTERNATIONAL, LLC, PRODUCT INNOVATIONS, LLC, AND METICS, LLC,**
*Movants-Appellees,*

and

**PETER THOMAS ROTH, INC. AND PETER THOMAS ROTH LABS LLC,**
*Defendants-Appellees,*

and

LIFETECH RESOURCES, LLC AND ROCASUBA, INC.,

*Defendants-Appellees,*

and

GLOBAL MDRX, COSMETIC TECHNOLOGIES, INC., DMI, LA CANADA VENTURES INC., AND SUSAN F. LIN, M.D.,

*Defendants.*

---

2010-1394

---

Appeal from the United States District Court for the Central District of California in consolidated case nos. 07-CV-1316 and 09-CV-0328, Judge James V. Selna.

---

Decided: May 24, 2011

---

MARK A. PERRY, Gibson, Dunn & Crutcher, LLP, of Washington, DC, argued for plaintiff-appellant. With him on the brief were JEFFREY T. THOMAS and BLAINE H. EVANSON, Gibson, Dunn, & Crutcher, LLP, of Irvine, California.

STEPHEN BENSON, Katten Muchin Rosenman, LLP, of Chicago, Illinois, argued for defendants-appellees Athena Cosmetics, Inc., et al. With him on the brief was ROBERT B. BREISBLATT.

JEFFREY L. WEISS, Weiss & Moy, P.C., of Scottsdale, Arizona, argued for defendants-appellees Cosmetic Alchemy, LLC and Movants-appellees Stella International, LLC, et al.

MARTIN C. WASHTON, Towle Denison Smith & Maniscalco, LLP, of Los Angeles, California, argued for defendants-appellees Lifetech Resources, LLC, et al. With him on the brief was AMANDA R. WASHTON.

---

Before NEWMAN, GAJARSA, and PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

This case arises from the district court's dismissal of Allergan, Inc.'s ("Allergan") claim for relief under California Business & Professions Code ("UCL") §§ 17200 *et seq.*—the unfair competition provisions—for lack of standing. The issue before the court is whether a party must allege an injury compensable by restitution to have standing under the UCL. The California Supreme Court makes clear in two recent decisions, *Kwikset Corp. v. Superior Court of Orange County*, 246 P.3d 877 (Cal. 2011) and *Clayworth v. Pfizer, Inc.*, 233 P.3d 1066 (Cal. 2010), that UCL § 17204, as amended by Proposition 64, requires that a party need only allege an injury in fact that was caused by defendant's unfair competition. We therefore reverse and remand.

BACKGROUND

Allergan manufactures and sells Latisse®, a FDA-approved product that uses PGF, a prostaglandin compound, to treat inadequate eyelash growth. Allergan's First Am. Compl. 5. In fact, Allergan is the only authorized manufacturer of a prostaglandin product for the stimulation of hair growth. *Id.* The only other FDA-

approved uses for prostaglandin compounds are to treat glaucoma and ocular hypertension. *Id.* The numerous defendants[1] in this case allegedly manufacture, market, and/or sell products containing PGF for hair and/or eyelash growth. *Id.* at 6-9.

Allergan filed an action in the United States District Court for the Central District of California, alleging that the defendants infringed or induced infringement of U.S. Patent Nos. 6,262,105, 7,351,404, and 7,388,029 under 35 U.S.C. § 271. Allergan also alleged that the defendants violated UCL §§ 17200 *et seq.* Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice . . . ." Allergan alleged that the defendants violated the UCL by "unlawfully marketing, selling, and distributing hair and/or eyelash growth products without a prescription, without an approved new drug application [from] the FDA or the California Department of Health Services, and in violation of state and federal misbranding laws." Allergan's First Am. Compl. 11. It also alleged that the use of defendants' products "can result in significant adverse reactions and substantial harm" and that the products are not "recognized . . . as safe and effective." *Id.* at 12-13. Furthermore, Aller-

---

[1] The defendants are Athena Cosmetics, Inc.; Pharma Tech International, Inc.; Northwest Cosmetic Laboratories, Inc.; Cosmetic Alchemy, LLC; Stella International LLC; Product Innovations LLC; Metics LLC; Lifetech Resources, LLC; and Rocasuba, Inc. Although appearing in the caption, Nutra-Luxe, M.D., Peter Thomas Roth, Inc. and Peter Thomas Roth Labs LLC did not file a brief in opposition to Allergan's appeal. The remaining defendants, Global MDRX; Cosmetic Technologies, Inc.; DMI La Canada Ventures Inc.; and Susan F. Lin, M.D., are not named in Allergan's August 10, 2009 complaint, its "operative complaint" for this appeal. Appellant's Br. 2.

gan claimed that the "[d]efendants' unfair competition has resulted in and continues to result in serious and irreparable injury to Allergan, including but not limited to lost sales, revenue, market share, and asset value." *Id.* at 14.

A party found to have violated the UCL may be enjoined or required to "restore to a person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." UCL § 17203. Thus, the remedies available to injured parties are an injunction and restitution, *id.*, both of which Allergan requested, Allergan's First Am. Compl. 15.

Defendants Athena Cosmetics, Inc., Pharma Tech International, Inc., and Northwest Cosmetic Laboratories, LLC (collectively, "Athena") moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), claiming that Allergan lacked standing to pursue its claim that Athena violated UCL §§ 17200 *et seq. Allergan, Inc. v. Athena Cosmetics, Inc.*, Case Nos. 07-CV-1316 and 09-CV-328, slip op. at 1 (Mar. 3, 2010) ("*Dismissal Opinion*"). According to Athena, because Allergan did not allege an injury that was compensable by restitution, it failed to meet the standing requirements of UCL § 17204. *Id.* at 3.

Section 17204 states that "actions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." At the time the Rule 12(c) motion was filed and decided, California state courts had generally held that "[b]ecause remedies for individuals under the [unfair competition law] are restricted to injunctive relief and restitution, the import of the [loss of money or property] requirement [in UCL § 17204] is to limit standing to individuals who suffer losses of money or property that are eligible for restitution." *Citizens of Humanity, LLC v. Costco Wholesale*

*Corp.*, 171 Cal. App. 4th 1, 22 (Cal. Ct. App. 2009) (citation omitted) *overruled by Kwikset*, 246 P.3d at 895.

The district court determined that Allergan had failed to plead an injury that was eligible for restitution. Relying on *Korea Supply*, it held that a plaintiff seeking restitution must have an ownership interest or a vested interest in the money it seeks to recover. *Dismissal Opinion* at 4-5 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003)). The district court reasoned that Allergan did not have an ownership interest in its lost profits or market share because the defendants' profits from sales of their products came from third party consumers, not Allergan. *Dismissal Opinion* at 4-5 (citing *Korea Supply*, 29 Cal. 4th at 1149). Moreover, the district court held that Allergan lacked a vested interest in its lost profits or market share because its expectation of receiving this money was contingent on payment by a third party. *Id.* at 5 (citing *Korea Supply*, 29 Cal. 4th at 1150).

The district court concluded that Allergan had not sufficiently plead an injury that could be compensated by restitution. *Id.* at 6. Earlier California precedent held that a party that failed to plead an injury compensable by restitution lacked standing under the UCL. Relying on this precedent, the district court found that Allergan lacked standing to obtain any relief under the UCL. *Id.* at 3-12. Finding that there was no just reason for delay in appealing this claim, the district court entered judgment pursuant to Federal Rule of Civil Procedure 54(b) and dismissed Allergan's claim for relief under the UCL as to all defendants with prejudice.[2] Allergan now appeals the

---

[2] Although Athena brought the motion for judgment on the pleadings, Allergan and all the defendants, except Nutra-Luxe, M.D., Global MDRX, Cosmetic Technologies,

dismissal of its UCL claims. Allergan's patent claims remain pending before the district court, but the action is stayed until the outcome of this appeal. Although the patent claims are not presently at issue, they give rise to this court's jurisdiction over the appeal. *See* 28 U.S.C. § 1295(a)(1) (stating that this court has jurisdiction "of an appeal from a final decision of a district court of the United States . . . *if the jurisdiction* of that court *was based, in whole or in part*, on section 1338 of this title . . . ." (emphases added)). We therefore have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

STANDARD OF REVIEW

When this court reviews a judgment on the pleadings, we follow the procedural law of the regional circuit. *Imation Corp. v. Koninklijke Philips Elecs. N.V.*, 586 F.3d 980, 985 (Fed. Cir. 2009) (citation omitted). In the Ninth Circuit, a grant of judgment on the pleadings is reviewed de novo. *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 550 F.3d 778, 782 (9th Cir. 2008) (citation omitted). On review, the court must "accept all material allegations in the complaint as true and construe them in the light most favorable to [the nonmoving party]." *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).

DISCUSSION

The resolution of this appeal turns on the allegations a party asserting a claim under the UCL must state to satisfy the standing requirements of UCL § 17204. Sub-

---

Inc., DMI La Canada Ventures Inc., and Susan F. Lin, M.D., stipulated that the district court's March 3, 2010 order dismissing Allergan's UCL claim applied to them. *Allergan, Inc. v. Athena Cosmetics, Inc.*, Case No. 09-CV-0328 (May 5, 2010) (D.I. 101); *Allergan, Inc. v. Athena Cosmetics, Inc.*, Case No. 07-CV-1316 (Mar. 11, 2010) (D.I. 518, 519).

sequent to the adoption of Proposition 64—a California voter's amendment that restricted the scope of standing under section 17204—California courts required an additional limitation for a plaintiff to have standing under the UCL: namely, that the party asserting the claim must allege an injury compensable by restitution. As discussed below, the recent California Supreme Court decisions in *Kwikset Corp. v. Superior Court of Orange County*, 246 P.3d 877 (Cal. 2011) and *Clayworth v. Pfizer, Inc.*, 233 P.3d 1066 (Cal. 2010), make clear that section 17204 only requires that a party allege an injury in fact and that the injury was caused by the defendant. Moreover, section 17204 does not mandate a "business dealings requirement," as the defendants argue. Finally, because we hold that Allergan's pleadings meet the standing requirements of section 17204, we need not reach the issue of whether it plead an injury that could be compensated by restitution. *See Clayworth*, 233 P.3d at 1087.

I.

A.

Prior to November 2004, section 17204 allowed the Attorney General, local officials, and "any person acting for the interests of itself, its members or the general public" to file an action for relief under the UCL. UCL § 17204 (2003). Because a broad range of parties had standing to bring a claim under the UCL, frivolous lawsuits were frequently filed by plaintiffs who had "not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant." Cal. Prop. 64 § 1, approved by voters, Gen. Elec. (Nov. 2, 2004). In some instances, these actions were nothing more than shakedown schemes that targeted small businesses for minor violations of regulations.

*See Angelluci v. Century Supper Club*, 158 P.3d 718, 728 n.10 (Cal. 2007).

To address these problems, the California voters adopted Proposition 64, which narrowed the standing requirements under the UCL. The intent of the proposition was to "prohibit private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact under the standing requirements of the United States Constitution." Cal. Prop. 64 § 1(e). Proposition 64 therefore amended section 17204 to limit a private person's right to sue under the UCL to someone who has "suffered injury in fact and has lost money or property as a result of such unfair competition." *Id.* § 3. The proposition emphasized that a private person must meet these standing requirements by also amending section 17203 to state that "[a]ny person may pursue representative claims or relief on behalf of others *only if the claimant meets the standing requirements of Section 17204.*" *Id.* § 2 (emphasis added). Proposition 64 did not amend the Attorney General's and local officials' right to bring unfair competition claims on behalf of the general public. *Id.* §§ 2, 3.

B.

After Proposition 64 was adopted, both state and federal California courts interpreted the limitation of standing under section 17204 to mean that the money or property lost by individuals alleging unfair competition must be "eligible for restitution." *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 817 (Cal. Ct. App. 2008) *overruled by Kwikset*, 246 P.3d at 895; *see also Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009); *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1173 (C.D. Cal. 2007); *Citizens*, 171 Cal. App. 4th at 22. This conclusion rested on connecting the "lost money

or property" language in section 17204 with the language in section 17203 that allowed restitution "as may be necessary to restore any person in interest any money or property." The use of money or property in both sections led courts to conclude that section 17204 limited standing to those who had an injury compensable by restitution. *See, e.g., Buckland*, 155 Cal. App. 4th at 817-18.

In its most recent decisions, the California Supreme Court has rejected this reasoning. It concluded in *Kwikset* and *Clayworth* that "ineligibility for restitution is not a basis for denying standing under section 17204 and disapprove[d] those cases [including *Citizens* and *Buckland*] that have concluded otherwise." *Kwikset*, 246 P.3d at 895. In *Kwikset*, the court held that to satisfy the standing requirements of section 17204, a plaintiff must allege exactly what the statutory text requires: "(1) . . . a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e. *economic injury*, and (2) . . . that [the] economic injury was the result of, i.e. *caused by*, the unfair business practice . . . ." *Id.* at 885.

The plaintiff in *Kwikset*, who had purchased locks falsely labeled "Made in the U.S.A.," had standing to sue under the UCL because (1) he paid for a lock; and (2) purchased the lock because its label said "Made in the U.S.A." and would not have purchased the lock if it were not made in the United States. *Id.* at 889-91. In rejecting the judicially-imposed requirement to allege an injury compensable by restitution, the court explained that "nothing in the text or history of Proposition 64 suggests" that the drafters intended "to make standing under section 17204 expressly dependent on eligibility for restitution under section 17203." *Id.* at 894-95. Thus, the availability of injunctive relief under section 17203 is not contingent on a party's ability to plead an injury compensable by restitution. *Id.*

The California Supreme Court used the same rationale to find standing in *Clayworth*. There, several pharmacies sued pharmaceutical manufacturers, alleging that the manufacturers had engaged in price fixing. *Clayworth*, 233 P.3d at 1070. As a result of this price-fixing, the pharmacies had paid manufacturers an artificially high price for the drugs and sought restitution and injunctive relief under the UCL. *Id.* at 1070-71. The court held that the pharmacies had standing because they "lost money or property[, *i.e.*, the overcharges the pharmacies paid,] as a result of the defendant[s'] unfair business practices[, i.e. the price-fixing]," which satisfied the requirements of section 17204. *Id.* at 1087 (citation omitted). The court recognized that "section 17204 requires only that a party have 'lost money or property.'" *Id.* at 1087 (footnote omitted). "That a party may ultimately be unable to prove a right to damages (or, here, restitution) does not demonstrate that it lacks standing to argue for its entitlement to them." *Id.* (citations omitted).

Here, Allergan has plainly alleged an economic injury that was the result of an unfair business practice. The unfair competition that Allergan alleges involves the defendants' manufacture, marketing and/or sale of hair and eyelash growth products without a prescription, federal or state approval, and proper labeling in violation of federal and California laws. Allergan's First Am. Compl. 9-14. As a result of these acts, Allergan alleges that it has "lost sales, revenue, market share, and asset value." *Id.* at 14. Allergan's complaint sufficiently alleges an injury that was caused by the defendants' unfair business practices. Under *Kwikset*, this satisfies the requirements of section 17204, and therefore Allergan has standing to pursue its claim for relief under the UCL. *See Kwikset*, 246 P.3d at 894-95; *Clayworth*, 233 P.3d at 1087.

### C.

The defendants, however, maintain that Allergan does not have standing because it fails to satisfy the so-called "business dealings requirement" of section 17204. One purpose of Proposition 64 was to eliminate lawsuits that attorneys filed "for clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant." Cal. Prop. 64 § (1)(b)(3). The defendants argued that this purpose of Proposition 64 limited standing under section 17204 to plaintiffs that had direct business dealings with the defendant. Oral Arg. at 34:26-34:50, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/2010-1394/all.

Proposition 64 did not add a "business dealings requirement" to standing under section 17204. The only amendment Proposition 64 made to section 17204 required that a private person bringing an action pursuant to the UCL must have "suffered injury in fact and . . . lost money or property as a result of such unfair competition." Cal. Prop. 64 § 3. Reading this amendment to encompass a business dealings requirement would contradict the plain language of the statute and improperly elevate one purpose of Proposition 64 over the language of the statute. *See City of Chicago v. Envtl. Def. Fund*, 511 U.S. 328, 337 (1994) ("[I]t is the statute, and not the [voter's findings], which is the authoritative expression of the law . . . .").

The defendants also argued that *Kwikset* approved of the business dealings requirement. Oral Arg. at 30:00-31:00, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/2010-1394/all. The crux of defendants' argument is the introduction of *Kwikset*, which states that the purpose of Proposition 64 was to "elimi-

nate standing for those who have not engaged in any business dealings with would-be defendants . . . ." 246 P.3d at 881. This argument disregards the focus of *Kwikset*, which held that the *only* requirements to establish standing under section 17204 are that (1) the plaintiff suffered an injury in fact from the loss of money or property; and (2) that this injury was caused by the defendant's unfair business practice. *Id.* at 885.

Moreover, the defendants' argument ignores that there are "innumerable ways" to show economic injury from unfair competition and that the *Kwikset* court did not "supply an exhaustive list of ways in which unfair competition may cause economic harm." *Id.* at 886. While a direct business dealing is certainly one way in which a plaintiff could be harmed, the California courts have also recognized claims under the UCL where a direct business dealing was lacking. *See, e.g., Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 716 (Cal. Ct. App. 2007) (finding standing under section 17204 where plaintiff had plead that defendant's unfair business practices—intentional dissemination of false negative reports—had "result[ed] in diminution in value of [plaintiff's] assets and decline in its market capitalization and other vested interests"). Thus, standing under section 17204 is not restricted by a direct business dealings requirement. The only standing requirements under 17204 are those in the language of the statute and, as explained in I.B., Allergan has satisfied those requirements.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

ALLERGAN v. ATHENA COSMETICS 14

## Costs

No costs.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: [signature] Date: 6/30/11